UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J.R., an individual,

    Plaintiff,

v.                                                    Case No. 3:23-cv-63-HES-SJH

EXTENDED STAY AMERICA,
INC., et al.,

    Defendants.

_____/

## O R D E R

This cause is before this Court on Extended Stay America, Inc., ESA P Portfolio operating Lessee LLC, and ESA Management, LLC's Motion to Dismiss (collectively ESA) (Dkts. 63), Defendant Jai Shree Laxmi, LLC's Motion to Dismiss or for a More Definite Statement (collectively JSL) (Dkt. 66), and Plaintiff's Responses (Dkts. 75, 76).

## I

Plaintiff filed her first Complaint in January 2023, claiming she had been trafficked at various Florida hotels throughout 2013, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595(a). (Dkt. 2). Defendants moved to dismiss the claims against them.

On November 8, 2023, this Court granted the motions concluding

Plaintiff's Complaint was a shotgun pleading and Plaintiff did not allege facts sufficient to state a claim under the TVPRA. (Dkt. 58, pgs. 8-10). This Court determined Plaintiff's allegations (1) did not establish Defendants were involved with others in the common undertaking of trafficking, and (2) did not establish Defendants knew or should have known this common undertaking was engaged in Plaintiff's trafficking. The Complaint was dismissed without prejudice.

In response, Plaintiff filed a three-count First Amended Complaint (FAC). (Dkt. 60). The FAC claims, "This case is about Plaintiff, J.R., a survivor of sex trafficking and the unfortunate victim of a scheme that began with criminal traffickers, and was assisted, supported, and facilitated by Defendants—hotel owners and operators." (Dkt. 60, ¶ 3). In Count One, Plaintiff claimed a violation of the TVPRA against ESA. In Count Two, Plaintiff asserts a violation of the TVPRA against Defendants Wyndham and Red Lion. And in Count Three, Plaintiff alleges a TVPRA violation against JSL.[1] As for the timeframe at issue, the FAC maintains, "Throughout 2013, Plaintiff was trafficked for commercial sex in each of Defendants' Jacksonville, Florida hotels. Plaintiff endured coercion, psychological torment, and verbal

---

[1] A Stipulation of Dismissal under Rule 41(a)(1) was filed for Defendant Red Lion Hotels Corporation (Dkt. 101), and a Notice of settlement with Defendant Wyndham Hotels & Resorts, Inc. (Dkt. 112) was also filed.

2

abuse coupled with physical and sexual violence as her trafficker sold her at Defendants' properties." (*Id.* ¶ 7).

ESA and JSL seek to dismiss the FAC arguing: 1) it is again a shotgun pleading, and 2) any new allegations are insufficient to adequately allege a TVPRA beneficiary claim. Plaintiff responds the FAC addressed this Court's prior concerns and adequately alleges direct TVPRA beneficiary claims.

## II

This Court has already set out the Rule 12(b)(6) standard of review and need not do so again. (Dkt. 58). This Court has also articulated the TVPRA standard but will touch on it again. The TVPRA is a criminal statute that provides a civil remedy for individuals victimized by sex trafficking. Section 1591(a) imposes criminal liability upon:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used

3

to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). The TVPRA differentiates "trafficking" from voluntary "commercial sex" in that trafficking involves the use of "force, threats of force, fraud, coercion [], or any combination of such means" to cause the victim to engage in a "commercial sex act." *Id.*

The text of the civil remedy provision of the TVPRA provides:

(a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The TVPRA, therefore, allows a trafficking victim to seek civil relief from criminal perpetrators and any defendant who "knowingly benefits . . . from participation in a venture which that person knew or should have known has engaged in" trafficking crimes against the plaintiff (i.e., "beneficiary" liability). 18 U.S.C. § 1595(a).

To properly state a claim for beneficiary TVPRA civil liability, a plaintiff "must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential

4

profit, (3) that undertaking, or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); *accord K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *2 (11th Cir. Feb. 9, 2024).

A beneficiary TVPRA claim requires a plaintiff to allege the defendant "knew it was receiving some value from participating in the alleged venture." *Red Roof Inns, Inc.*, 21 F.4th at 724. The Eleventh Circuit clarified, "'Knowledge' is '[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.'" *Id.* at 723-24 (citing Black's Law Dictionary (11th ed. 2019)). To satisfy this standard, a plaintiff "must allege that the defendant knew it was receiving some value from participating in the alleged venture." *Id.* at 724.

Whereas a "'venture' is an undertaking or enterprise involving risk and potential profit." *Id.* "Participation" is taking part in or sharing "with others in common or in an association." *Id.* at 725. "Participation in a venture" is taking "part in a common undertaking or enterprise involving risk and potential profit." *Id.*

### III

ESA and JSL suggest several reasons for the dismissal of the FAC. But

5

this Court will focus on the argument the FAC does not allege a TVPRA beneficiary claim. Most of the FAC's allegations are similar or identical to the Complaint. So, in reviewing Defendants arguments, this Court will highlight the new allegations from the FAC; not the old insufficient contentions.

## ESA

The allegations against ESA appear largely in paragraphs 197-199. In these paragraphs, Plaintiff cites to various news media reports about properties other than those at issue. In the first of these new allegations, Plaintiff contends ESA "had actual or constructive knowledge of sex trafficking occurring at [ESA] hotels through news reports regarding violent and criminal activity occurring at [ESA] hotels after J.R. was trafficked evidencing that [ESA] brand hotels have been, and continue to be, laden with crime generally, and human trafficking and prostitution specifically." (*Id.* ¶ 197). Plaintiff then cites to articles involving incidents from 2014, 2015, 2022 and 2023. *Id.*

In paragraph 198, Plaintiff makes the same allegations of actual or constructive notice, but relies on news articles from 2009, 2012 and 2013, from Tennessee, Maryland, and other locations of Florida. (*Id.* ¶ 198).

## JSL

The allegations against JSL consist of four paragraphs which discuss it and jurisdiction, (dkt. 60, ¶¶ 32-34, 44), nine paragraphs generally suggesting

6

what occurred there, (id. ¶¶ 86-94), thirteen paragraphs with allegations of constructive or actual notice of sex trafficking through news reports and online reviews of crime dating prior to when Emerson Inn was acquired and dating past 2013, (id. ¶¶ 225-237), and seventeen paragraphs of mainly legal conclusions that Emerson Inn violated the TVPRA, (id. ¶¶ 354-370).[2]

Summarizing the claims against JSL, Plaintiff alleges she was forced to solicit buyers in and around the Emerson Inn, her trafficker was violent with her, staff witnessed altercations between Plaintiff and her alleged trafficker, Plaintiff experienced similar assaults in and around the Emerson Inn wherein her trafficker or buyers would violently attack her, and she suggests she "endured several similar assaults in and around the Emerson Inn wherein her trafficker or buyers would violently attack her, scream at her, and make clear to any nearby patron or staff that she was being forcibly sold for commercial sex." (Id. ¶¶ 89-94).

## IV

It is instructive to review the Eleventh Circuits admonitions in a TVPRA beneficiary action. In *Red Roof Inns, Inc.*, hotel franchisors were sued by plaintiffs who alleged they had been trafficked at hotels the franchisors

---

[2] The FAC alleges JSL "is a limited liability company doing business as the Emerson Inn" and "[n]ow, and in 2013 at the time of J.R.'s trafficking, JSL directly owned, operated, and offered all public lodging services at the Emerson Inn . . . where Plaintiff was trafficked." (Dkt. 60 ¶¶ 32-33).

licensed to franchisees and the franchisors knowingly benefited from the trafficker's payment. *Red Roof Inns, Inc.*, 21 F.4th at 719-21. The Eleventh Circuit affirmed dismissal of the complaint and held,

> In short, to participate in a venture under Section 1595(a), a defendant must take part in a common undertaking involving risk or profit. The Does chose to frame the ventures at issue as sex trafficking ventures in their amended complaints. Yet they have provided no plausible allegations that the franchisors took part in the common undertaking of sex trafficking. Their only allegations as to the franchisors' knowledge or participation in those sex trafficking ventures are that the franchisors sent inspectors to the hotels who would have seen signs of sex trafficking and that they received reviews mentioning sex work occurring at the hotels. *But observing something is not the same as participating in it.* Accordingly, the Does' Section 1595(a) beneficiary claims against the franchisors fail.

*Id.* at 727 (emphasis added).

Like plaintiffs in *Red Roof Inns, Inc.*, Plaintiff does not plausibly allege ESA and JLA committed a TVPRA beneficiary action as to Plaintiff. There are no specific facts in the FAC to support Plaintiff's legal conclusions that ESA, or JSL participated in a venture that committed trafficking crimes against Plaintiff. Plaintiff did not establish a pattern of conduct between the trafficker and the hotel operator sufficient to establish that ESA or JSL "took part in a common undertaking" with the alleged traffickers, and failed to allege the hotel operator had a desire to promote the wrongful venture's success.

The FAC has scores of paragraphs with conclusory allegations against

all Defendants collectively and the hotel industry generally. (Dkt. 60 ¶¶ 1-13, 47-72, 95-128, 166-80). The FAC also refers to articles related to crime in Florida and around the country, but none of these articles are relevant. The element of notice requires more than an allegation that Defendants were aware of other, unrelated incidents of trafficking. Plaintiff must claim Defendants "knew or should have known the venture violated the TVPRA as to the [Plaintiff]." *Red Roof Inns, Inc.*, 21 F.4th at 723. The same is true for the FAC's anonymous and undated online reviews referring to prostitution.

Plaintiff's conclusory allegations alone cannot show ESA and JSL participated in a common undertaking or enterprise involving risk and potential profit about trafficking. Nor can the financial benefit derived from renting hotel rooms alone show a franchisor of hotels took part in a common undertaking involving risk or profit violating the TVPRA. *Red Roof Inns* characterized this situation aptly, "observing something is not the same as participating in it." *Id.*

To bring a TVPRA claim, a plaintiff must assert more than conclusory allegations of franchisors' business relationships to show an entity or individual took part in a venture. But such allegations are not present. Instead, the FAC puts forward conclusory allegations Defendants were involved with others in a common undertaking of sex trafficking by operating hotels. Plaintiff

9

has presented no theory suggesting Defendants took part in a "venture," "common undertaking," or "enterprise" that committed trafficking crimes against Plaintiff, as defined by *Red Roof Inns*. The FAC also does not properly allege Defendants "knowingly benefited from participating in a venture" and "knew or should have known" about any trafficking crimes committed against Plaintiff. *Id.*

Accordingly, it is hereby **ORDERED**:

1. Extended Stay America, Inc., ESA P Portfolio operating Lessee LLC, and ESA Management, LLC's Motion to Dismiss (Dkts. 63), Defendant Jai Shree Laxmi, LLC's Motion to Dismiss or for a More Definite Statement (Dkt. 66) are **GRANTED** and the First Amended Complaint (Dkt. 60) is **dismissed with prejudice**; and

2. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

10

Copies to:
Amanda J.G. Walbrun, Esq.
Douglas Hill Clifton, Esq.
Meghan E. McCormick, Esq.
Alison H. Sausaman, Esq.
Jonathan Michael Hooks, Esq.
Christopher T. Byrd, Esq.
Shubhra R. Mashelkar, Esq.
David S. Sager, Esq.
J. Trumon Phillips, Esq.
Megan Cunningham, Esq.
Andrew S. Kessler, Esq.
Ryan Dennis Schoeb, Esq.